IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY MONTGOMERY,

    Petitioner,        No. CIV S-04-2116 FCD DAD P

  vs.

W.A. DUNCAN, et al.,

    Respondents.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition as untimely. Petitioner filed an opposition to the motion and both parties have filed replies.

PROCEDURAL HISTORY

    The record reflects the following chronology:

    1. On December 14, 1999, petitioner was convicted in the Solano County Superior Court of attempted murder, assault with a semiautomatic firearm, and possession of a firearm by a felon. (Mot. to Dismiss (MTD) at 2; Ex. 9 at 2.) Petitioner was sentenced to a term of thirty years to life in state prison. (Id. at 2.)

/////

1  　　　　2. On August 15, 2001, the California Supreme Court denied petitioner's petition
2  for review. (Id.)
3  　　　　3. The record reflects that petitioner's judgment became final on November 13,
4  2001, upon expiration of the ninety-day period during which petitioner could have filed a petition
5  for writ of certiorari with the United States Supreme Court after the California Supreme Court
6  denied review on appeal on August 15, 2001. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th
7  Cir. 1999).
8  　　　　4. On December 27, 2001, petitioner filed a habeas petition with the California
9  Court of Appeal for the First Appellate District. On January 7, 2002, the petition was denied.
10 (MTD, Ex. 3.) The docket report submitted by respondent indicates that in denying the petition
11 the state appellate court noted that "[p]etitioner should first seek relief, if any, in the trial court."
12 (Id.)
13 　　　　5. On January 18, 2002, petitioner filed a habeas petition with the Solano County
14 Superior Court, claiming ineffective assistance of trial and appellate counsel and jury instruction
15 error with respect to the weapon enhancement finding. (MTD, Ex. 4.) On February 28, 2002,
16 that petition was denied. (Id., Ex. 5.) In its order the Superior Court stated that while the
17 ineffective assistance of appellate counsel claim was cognizable in a habeas proceeding, the
18 habeas petition should have been brought in the Court of Appeal. (Id.)
19 　　　　6. On March 28, 2002, petitioner filed a second habeas petition with the Solano
20 County Superior Court, claiming violation of his right to cross-examine adverse witnesses, juror
21 misconduct and jury instruction error on the attempted murder charge. (Id., Ex. 6.) On May 21,
22 2002, the petition was denied in an order stating that "[p]etitioner's claims could have been
23 addressed through his appeal, but were not, and as a result are not cognizable on a Petition for
24 Writ of Habeas Corpus." (Id., Ex. 7.)
25 　　　　7. On October 1, 2002, petitioner filed his habeas petition with the California
26 Supreme Court. (Id., Ex. 8.) The petition, dated September 26, 2002, presented the following

1  claims:  violation of petitioner's right to cross-examine adverse witnesses, juror misconduct and
2  jury instruction error on the attempted murder charge.  (Id.)  On October 1, 2002, petitioner also
3  filed a second habeas petition which he labeled as "Supplemental."  (Id., Ex. 9.)  This
4  supplemental petition is essentially a copy of the first habeas petition he filed with the Solano
5  County Superior Court on January 18, 2002, claiming ineffective assistance of trial and appellate
6  counsel and jury instruction error on the weapon enhancement allegation.  (See id., Ex. 4.)  On
7  March 19, 2003, the California Supreme Court summarily denied the habeas petition.  (Id., Ex.
8  10.)

   8.  On October 6, 2003, petitioner filed his habeas petition in the U.S. District
   Court for the Northern District of California.  (Id., Ex. 11.)  The petition is dated October 1,
   2003.  (See Court document number 1, Habeas Petition, at 9.)

   9.  Almost one year later, on September 28, 2004, the case was transferred to the
   U.S. District Court for the Eastern District of California, Fresno Division.  On October 7, 2004,
   the case was transferred to the Sacramento Division of that court.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  Because this action was commenced in 2003, the AEDPA period of limitation is applicable to the petition.

The statute of limitations begins to run when the petitioner's criminal judgment becomes final.  However, under 28 U.S.C. § 2244(d)(2), the time during which a properly filed habeas petition is pending before a state court, is not counted towards the one-year limitation period.  The period between the denial of a state petition and the timely filing of a subsequent
/////

1 petition in a higher court is also tolled. See Evans v. Chavis, 546 U.S.___, 2006 WL 42398
2 (Jan. 10, 2006); Carey v. Saffold, 536 U.S. 214, 223 (2002).

3       Here, petitioner's judgment became final on November 13, 2001, and the statute
4 of limitations ran for 44 days until it was tolled by the filing of petitioner's first state petition.
5 Petitioner filed a total of four state habeas petitions in the following order:  (1) Court of Appeal,
6 (2) Superior Court, (3) Superior Court, and (4) Supreme Court.  Respondents argue that there is
7 no statutory tolling between the denial of petitioner's first petition by the California Court of
8 Appeal and the filing of his second petition in the California Superior Court, and between the
9 denial of his second petition by the Superior Court and the filing of his third petition in the
10 Superior Court because petitioner proceeded to a lower or lateral court instead of to a higher state
11 court after his first petition was denied. (MTD at 4.)  According to respondents' calculation,
12 petitioner was entitled to a total of 407 days[1] of statutory tolling from November 13, 2002, until
13 December 25, 2003. (Id.)  Although petitioner filed his federal petition in the U.S. District Court
14 for the Northern District of California on October 6, 2003, respondents argue that the petition
15 was incorrectly filed in that court. (Id.)  Because petitioner is not entitled to any statutory tolling
16 when the federal petition is not properly filed, respondents argue that the limitations clock
17 continued to run for almost a year, until the case was transferred and the petition received by this
18 court on September 28, 2004. (Id.)

19       Because of respondents' concession of statutory tolling and position that the
20 statute of limitations expired on December 25, 2003, the issue that must be resolved is the date
21 on which petitioner's federal habeas petition was filed for statute of limitations purposes.  If
22 petitioner's federal petition was filed on October 6, 2003, the date it was filed in the U.S. District
23 Court for the Northern District of California, the petition is timely.  On the other hand, if the

---

[1] Respondents acknowledge that petitioner is entitled to 10 days of statutory tolling with respect to the first petition, 41 days during the pendency of his second petition, and 356 days for the period beginning with the filing of his third petition until the date upon which his fourth petition was denied. (MTD at 4.)

filing date is September 28, 2004, when the federal petition was transferred and received by the U.S. District Court for the Eastern District of California, the petition is untimely. Respondents rely on the decision in Hood v. Galaza, 47 F. Supp. 2d 1144, 1146-47 (S.D. Cal. 1999) as authority for the proposition that a federal petition filed with the wrong court does not toll the statute of limitations. In that case, the district court concluded without analysis, that under § 2244(d)(2), a state habeas petition filed in the wrong superior court does not toll the statute of limitations and that, similarly, there is no tolling when petitioner sends his federal habeas petition to the wrong District Court. 47 F. Supp. 2d at 1147. This court is not persuaded that the decision in Hood supports respondents' position under the facts of the present case.

It cannot be determined from the decision in Hood whether the federal petition in question was properly filed in the district court to which it was first sent. The district court in Hood merely stated "[p]etitioner incorrectly mailed the instant habeas corpus petition to the United States District Court for the Eastern District of California . . . ." Here, however, it is clear that petitioner's federal petition was properly filed with the U.S. District Court for the Northern District of California. Pursuant to 28 U.S.C. § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. When petitioner filed his federal habeas application, he was confined at Salinas Valley State Prison which is located within the Northern District of California. While the U.S. District Court for the Northern District of California was certainly free to transfer the action to this court, it was not required to do so nor was there anything "wrong" or "improper" with petitioner's filing of the petition in that court.[2]

Moreover, the statutory tolling provision at 28 U.S.C. § 2244(d)(2), is applicable for state habeas proceedings, not for federal court proceedings. "The time during which a

---

[2] As noted above, the U.S. District Court for the Northern District of California did not transfer the action to this district until almost a full year after the federal petition was originally filed in that court.

5

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).  See also Duncan v. Walker, 533 U.S. 167, 180 (2001) (holding that the tolling provision of section 2244(d)(2) applies only to State post-conviction review but not during the pendency of applications for federal review).  Thus, § 2244(d)(2) is not applicable to the determination of the filing date of a federal habeas petition for statute of limitations purposes.

For the reasons set forth above, the undersigned concludes that petitioner's federal habeas petition was filed in October of 2003.[3]  Respondents concede that the statute of limitations for the filing of that petition, in light of statutory tolling, was not set to expire until December 25, 2003.  Because the federal petition was filed more than two and a half months before that date, the petition was timely filed and respondents' motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' May 31, 2005 motion to dismiss the habeas petition as untimely be denied; and

2. Respondents be ordered to file their answer to petitioner's second amended petition for a writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written

---

[3] Under the mailbox rule as set forth in Houston v. Lack, 487 U.S. 266, 276 (1988), the date a federal habeas application is mailed, signed or placed in the hands of prison authorities, is treated as the date of filing for statute of limitations purposes. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.1 (9th Cir. 2003) (filing date can be as early as when the prisoner signed the petition); Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (mailing date is treated as the date of filing); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000) (date of delivery to prison authorities is filing date under mailbox rule).  In this case the federal petition was signed and presumably mailed to the District Court for the Northern District of California on October 1, 2003.

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 25, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mont2116.mtd